ORDER
HACKNEY, JUDGE:
An application of the claimant, John L. Jarvis, for an award under the West Virginia Crime Victims Compensation Act, was filed June 2, 2006. The report of the Claim Investigator, filed November 22, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on January 19, 2007, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed February 14,2007. This matter came on for hearing January 24,2008, claimant appearing by counsel, Ronald G. Salmons, and the State of West Virginia by counsel, Benjamin F. Yancey III, Assistant Attorney General.
At approximately 1:00 p.m. on August 4, 2004, the 55-year-old claimant was the victim of criminally injurious conduct in Huntington, Cabell County. The claimant had just been to the pharmacy to pick up his medication, and was on his way to the bank. As he was traveling south on Hal Greer Boulevard, a one-way street, he noticed that there was a vehicle traveling toward him. As the claimant edged his vehicle over, the oncoming vehicle went around him, and he heard a loud noise. At first, the claimant thought that the other vehicle had struck his, but then he believed that they had thrown an object which broke the driver’s side mirror. When the claimant exited his vehicle to view the damage, two or three unknown individuals approached and beat him. The claimant testified that one of the offenders pistol-whipped the claimant’s face, and the other two offenders beat him with baseball bats. Eventually, the claimant was able to flee the scene. The claimant further stated that he was nervous that his mother might be in danger, so he drove to his house where he resides with his mother.
Also testifying at the hearing was the claimant’s mother, Gladys Maxine Jarvis. She stated that she and her son remained at the house for a maximum period of one hour. The claimant called 911 to let them know that he was on his way to the hospital. His mother then drove him to Cabell Huntington Hospital. The claimant stated that he did not report the incident to law enforcement officials because the hospital employees informed him that they had already reported it.
As a result of the attack, the claimant suffered multiple facial fractures, contusions, and abrasions. Also, he developed glaucoma in his left eye and sustained a crushed lens, for which he underwent permanent lens replacement surgery.
Testifying on behalf of the Crime Victims Fund was Nicole Reed, Claim Investigator. According to Ms. Reed, a 911 call would normally be considered the equivalent of reporting an incident to law-enforcement as required by the statute. However, in this case, the claimant was a former police officer and should have known to file a report with the police department.
*338 W.Va. Code § 14-2A-14(b) states in part: “... The judge or commissioner may not approve an award of compensation if the criminally injurious conduct upon which the claim is based was not reported to a law-enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two hour period.” In the present case, the Claim Investigator’s finding was that the claimant did not report the crime to the police within seventy-two hours after the crime occurred. Therefore, it is the claimant’s burden to prove by a preponderance of the evidence that “good cause existed for the failure to report the conduct within the seventy-two hour period.”
The Court is confused by several factors in this case. First, the claimant stated that he feared for his mother’s safety. There was no reason offered for this fear, because the claimant stated that he did not know the offenders. Secondly, there was no explanation of why the claimant waited for one hour before calling 911, and then had his disabled mother drive him to the hospital. Third, the claimant testified that the attack occurred at 1:00 - 1:30 pm, but indicated on his application that it occurred at 6:00 pm. The claimant explained that he was at the hospital at 6:00 pm. Finally, the claimant was asked whether he had called the police on other occasions. The claimant revealed that on two prior occasions, his vehicles were stolen and he notified authorities. One vehicle was stolen from his home, and the other from West Fifth Street in Huntington. In this situation, however, the claimant relied upon others - hospital employees - to contact the police.
Based on the foregoing, the Court is constrained by the evidence to stand by its previous ruling; therefore, this claim must be, and is hereby, denied.